UNITED STATES *v.* STICKLE.

*(Circuit Court, W. D. Wisconsin. 1883.)*

1. USE OF POST-OFFICE TO DEFRAUD—REV. ST. § 5480.

One who advertises under various titles for agents to sell goods and distribute circulars without any intention of employing such agents, but intending to incite persons who meet with such advertisements or circulars to send him 15 cents in postage-stamps and $2.50 in money for agent's outfits or sample cases, with the intention of cheating and defrauding the persons sending such postage-stamps or money, or a portion of it, by converting such stamps or money to his own use, without intending any equivalent for the same, and to carry out this fraudulent device, takes a letter and packet from the post-office, and deposits a packet in the post-office, is guilty of the misdemeanor described in section 5480 of the Revised Statutes of the United States.

2. SAME—WHAT MUST BE SHOWN—REASONABLE DOUBT.

As the offense consists in the concocting of a scheme or artifice to defraud individuals of their property and money, and in the employment of the post-office department in carrying into execution such scheme or artifice, to warrant a conviction the jury must be satisfied, beyond a reasonable doubt, of the intention of the accused to defraud, and of the use of the post-office for that purpose.

3. SAME—EVIDENCE OF INTENT TO DEFRAUD.

In determining the intention of the accused, it is proper for the jury to consider all the facts and circumstances in evidence, the nature and quality of his advertisements and circulars, and the statements and representations therein contained, their truth or falsity in different particulars, whether he filled orders for goods or not, and the quality of such orders, and his conduct in the premises generally.

4. SAME—FORMER CONVICTION—CONFESSION.

The fact that the accused on a former occasion was accused of a similar offense, pleaded guilty to the charge, and was convicted thereof, although such conviction would be a bar to any subsequent prosecution for that offense, may be considered by the jury as a confession on his part at that time, tending, with other circumstances in his conduct, to show the character of the business he had at that time been establishing and carrying on, and has since carried on; and in this connection the jury should also consider his explanation of his reasons for pleading guilty.

The defendant, George S. Stickle, was put on his trial in this court, on information being filed under section 5480 of the Revised Statutes, for a fraudulent use of the post-office of United States.

The evidence being closed, the court charged the jury as follows.

*H. M. Lewis,* Dist. Atty., for plaintiff.

*E. W. Keyles* and *B. W. Jones,* for defendant.

BUNN, J.   Section 5480 of the Revised Statutes of the United States, under which this information is drawn, provides that if any person having devised, or intending to devise, any scheme or artifice to defraud or to be effected, by either opening or intending to open correspondence or communication with any person (whether resident within or outside the United States) by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office establishment, or take or receive any therefrom, such person so misusing the post-office establishment shall be punished by a fine of not more than $500, and by imprisonment for not more than 18 months, or by both such punishments.

It will be seen from this provision that the substance of the offense described is the using of the post-office department for the purpose of

carrying into execution a scheme or artifice devised or intended to be devised to defraud. The United States have not jurisdiction of the offense commited within a state, and under the state laws, of obtaining money or other property by means of false and fraudulent pretences or devices. And it is only, in general, when the mails of the United States are employed for the purpose of effecting such fraudulent schemes or devices, or for devising them or carrying them out when devised, that the United States government will take cognizance of the transaction.

The offense described in the statute and charged in the information is a misdemeanor simply, and not a crime of a high grade or a felonious character. Nevertheless the charge is one of importance to both parties. It is of great importance to the prisoner, if innocent of the charge, that he should be acquitted by the verdict of the jury. It is also important to the government and the public welfare that he should not escape punishment, if found to be guilty to the full satisfaction of the jury. You will therefore address yourself to a careful and thorough consideration of the evidence in the case, for it is only by this means that you can arrive at a safe and just conclusion upon the issue involved, which is the guilt or innocence of the defendant of the offense charged in the information.

The question is almost wholly one of fact for the jury, and the court has no desire to discuss the evidence relied upon by the parties. That has been already done thoroughly and ably by counsel on both sides, and it will be fresh in your memories when you come to retire to consider of your verdict.

I only desire to call your attention to the charge made in the information, to what the prosecution is called upon to establish in order to be justified in claiming a conviction, and to some of the leading points in the testimony and their bearing upon the main issue. The substance of the charge, briefly stated, is this:

That the defendant, on the first day of August, 1882, devised a scheme to defraud; that as a part and parcel of this scheme he advertised in the newspapers throughout the different states, and by means of printed circulars distributed, falsely representing himself as an importer of teas and coffee, and a wholesale dealer in the same, and under different titles, as the American Tea Company, the United States Tea Company, the United States Importing Company, and his own name of George S. Stickle, soliciting and offering to employ agents to sell teas and coffees, and to distribute his circular, at $100 per month, expenses paid, and to distribute circulars only at $50 per month; and requesting persons wishing to be so employed to send him 15 cents in postage stamps by mail. And further, as part of the same scheme to defraud, that he offered in

such advertisement and circulars to such an agent an outfit, with full instructions, upon the receipt of $2.50, all the while not intending to employ agents at all, but devising that scheme for the purpose of getting people to forward to him through the mails 15 cents in postage stamps and the $2.50 in money orders or registered letters intending to defraud such people of these sums and converting them to his own use. And it is further alleged, after setting out much more fully than I have here attempted to do, the scheme alleged to have been devised by the defendant to defraud, that the defendant, Stickle, for the purpose of executing said scheme and artifice to defraud and attempting so to do, did, on the third day of August, 1882, take and receive from the post-office at Madison, Wisconsin, a certain letter ond packet mailed at the post-office in the village of Broadhead, in Green county, by one Jay L. Dawson, and addressed to the said United States Importing Company, Madison, Wisconsin. And for the same purpose did, on the twenty-third day of September, 1882, place a packet in the post-office at Madison, inclosed in an envelope, postage paid, and addressed to James Garland, Richland Center, Wisconsin.

This, in brief, is the nature of the charge made in the information, and which the prosecution must establish by evidence in order to claim a conviction at your hands. So far as the overt act of using the United States post-office department is concerned, the prosecution is confined to the two instances charged in the information, that of August 3d and September 23d; that is, the defendant cannot be found guilty upon any other, and it must establish to your satisfaction one or the other of these cases.

The evidence in relation to the defendant's business in Madison, and which is relied upon by the prosecution to show the fraudulent device alleged to have been entered into by him, has relation to and covers a somewhat longer period of time. And though the admission of this evidence has been characterized somewhat unnecessarily as a loose way of trying the case, I am clearly of the opinion it was entirely necessary and proper to show the real character of the defendant's business at the time charged in the information, and his real intent in relation to the particular transaction charged therein. A fraudulent device or scheme is of the essence of the charge under the statute, and the proofs of such a fraudulent device can frequently be made only from a variety of facts and circumstances often very inconclusive when standing alone, but more or less potent and convincing when taken together, one circumstance with another or others. It appears from the evidence that the defendant has once before, at the last June term, been before this court on a similar charge, the offense alleged to have been committed in March or April last, and that he plead guilty to the information, and was thereupon convicted and punished.

As I have already told you on the trial, the defendant cannot be again convicted of the offense charged in that case. There is no thought or attempt on the part of anybody to do this. That conviction may be taken by you and considered as a complete bar to any unlawful use of the post-office department prior to June, when that information was filed. The charge in the case now on trial relates to a later period, to-wit, to an unlawful use of the post-office department in August and September, 1882. But I think it entirely competent in order to determine the true character of the defendant's business in August and September, 1882, that the history of the facts attending the establishment and conduct of the business previously, should go to the jury for what they are worth. So far as these facts throw any light upon the charge made in the information, it is entirely proper that they should be considered by the jury.

The jury will bear in mind that the essence of the charge is the concocting or devising of a scheme or artifice to defraud individuals of their money and property, and the employment of the United States post-office establishment in the instances named, to effectuate such device. And these two propositions it is incumbent on the prosecution to establish in proof. After what has been said, it is quite unnecessary to say to you that it is not essential for the prosecution to show that the defendant has not filled the orders for teas and coffees made upon him. That is no essential part of the plaintiff's case, nor if proved by the prosecution would it constitute any offense against the government. It is not an offense under any law to fail to fill orders for goods, or to send goods on an order which is inferior to the sample used on the sale. Of course if you should find that he filled his orders promptly, and with goods as good as the samples, it would be a circumstance to be construed in favor of the defendant; or if the orders were not filled, or filled with inferior or worthless goods, that circumstance might be construed in determining the true character of the business.

If the defendant, as charged, devised a scheme to defraud by advertising under various letters for agents to act for him in selling goods and distributing circulars, when he did not expect or intend to employ any agents, with the intent to incite any and all persons who might meet with such advertisements or circulars, as charged, to send him 15 cents and $2.50 for an agent's outfit or sample case, as charged, with the intent to cheat and defraud the persons sending him postage stamps and money, or a portion of it, and converting them to his own use without intending any equivalent for the same,

and to carry on this fraudulent device he took a letter and packet from the post-office at Madison from Jay L. Dawson, as charged, or mailed one to James Garland, in September, as set forth, this would make the offense complete, though it should appear that the defendant had filled to the letter all his orders made upon him for goods to be sold. And in determining the intention of the defendant it is proper to consider all the facts and circumstances in evidence, the nature and quality of the defendant's advertisements and circulars, and the several representations and statements therein contained, their truth or falsity in different particulars, and the conduct of the defendant in the premises.

It will be the duty of the jury to exercise their best judgment upon the facts and circumstances proven and appearing in the case. I do not see that there is very much conflict in the testimony. None I presume that will give the jury very much trouble. But as I look upon the case, the most considerable burden and duty of the jury will consist in giving the due and proper effect to facts and circumstances for the most part undisputed. It is for you to say what these facts show, and how they satisfy you upon the issue of the defendant's guilt. It will be for you to say from these facts what the real nature of the business was he was conducting in August and September, 1882; what was the real intention of the defendant in advertising through the newspapers of the country as he did, and in sending and distributing those different circulars? Was it to employ agents throughout the country to sell teas and coffee and distribute circulars, and by this means to establish a legitimate business of selling these goods? or was the prime motive on his part to induce a great number of persons to send him the 15 cents called for in the advertisement, and afterwards the $2.50 for an agent's outfit, or sample case, so called, for the purpose of defrauding such persons out of their property and money, and without any intent or expectation of employing them as agents with a large salary? Where did he expect and intend that his profits should come from, and was his intent fraudulent, or lawful?

Upon the matter of the defendant's former conviction, your good sense will prevent your giving too great weight in favor of the government to the evidence on that subject. It is only evidence of a confession or admission on the defendant's part, at that time tending, with other circumstances in his conduct, to show the character of the business he had at that time been establishing and carrying on, and has since carried on in Madison. Of course the jury will guard

against drawing from it any necessary inference of an unlawful use of the mail since that time by him, or any intent to concoct or conceive a scheme or device to defraud. But you will give just such weight to the fact as tending to show the character of his business at the time to which the present information relates, as you think in justice you ought. And of course it will also be proper for you to consider the statements of the defendant in regard to his pleading guilty to that charge, that he did it to save expense, and so forth. Of course, a person charged with crime might plead guilty, and suffer a conviction, when he fully believes himself innocent. Whether the defendant did so or not it will be proper for the jury to consider in this part of the case.

After full and faithful consideration of all the facts in the case, it will be for you to say how you are reasonably convinced. What impression does the evidence, taken as a whole, make upon your mind? It is incumbent on the prosecution to satisfy you of the guilt of the defendant, beyond a reasonable doubt. The government does not expect or desire a conviction at your hands, unless you are fully convinced of the defendant's guilt. On the other hand, if you are so convinced, you should follow your convictions and return a verdict of guilty.

The further responsibility of the case lies with you, and I have full confidence that you will give it that judicious consideration which both parties are entitled to at your hands, and render a verdict which shall satisfy your best convictions and the evidence in the case.